16-464-cr
United States v. Erskine

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY  ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND  THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**


At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 9th day of March, two thousand seventeen.

Present:     ROSEMARY S. POOLER,
             BARRINGTON D. PARKER,
             DEBRA ANN LIVINGSTON,
                  *Circuit Judges*.

_____

UNITED STATES OF AMERICA,

                          *Appellee*,

              v.                                                    16-464-cr

ARLINCY ERSKINE,

                  *Defendant-Appellant*.

_____

Appearing for Appellant:      Barry D. Leiwant, Assistant Federal Public Defender, Appeals
                              Bureau, Federal Defenders of New York, Inc., New York, NY.

Appearing for Appellee:       Alicia Washington, Assistant United States Attorney, Emily
                              Berger, Assistant United States Attorney, *for* Robert L. Capers,
                              United States Attorney for the Eastern District of New York,
                              Brooklyn, N.Y.

Appeal from the United States District Court for the Eastern District of New York (Ross, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Defendant-Appellant Arlincy Erskine appeals from the February 11, 2016 judgment of the United States District Court for the Eastern District of New York (Ross, *J.*) sentencing Erskine to fifteen months' imprisonment, a three year term of supervised release, and a $100.00 special assessment fee after she pled guilty to one count of importation of cocaine in violation of 21 U.S.C. §§ 952(a), 960(a)(1), and 960(b)(3). We assume the parties' familiarity with the underlying facts, procedural history, and specification of the issue for review.

"Our review of criminal sentences includes both procedural and substantive components and amounts to review for abuse of discretion." *United States v. McIntosh*, 753 F.3d 388, 393-94 (2d Cir. 2014) (internal quotation marks omitted). Erskine challenges only the substantive reasonableness of her incarcerative sentence. "We will set aside a district court's substantive determination as to an appropriate sentence only in exceptional cases where the trial court's decision cannot be located within the range of permissible decisions." *Id.* at 394 (internal quotation marks and emphasis omitted). "In reviewing the substantive reasonableness of a sentence, we take into account the totality of the circumstances, giving due deference to the sentencing judge's exercise of discretion, and bearing in mind the institutional advantages of district courts." *United States v. Young*, 811 F.3d 592, 598-99 (2d Cir. 2016). "In sum, [substantive reasonableness review] provide[s] a backstop for those few cases that, although procedurally correct, would nonetheless damage the administration of justice because the sentence imposed was shockingly high, shockingly low, or otherwise unsupportable as a matter of law." *United States v. Rigas*, 583 F.3d 108, 123 (2d Cir. 2009).

Erskine argues that the district court erred in imposing a fifteen month sentence of imprisonment because the sentence was "greater than necessary[] to accomplish the goals of sentencing" and thus ran afoul of the federal sentencing statute's overarching command. *Kimbrough v. United States*, 552 U.S. 85, 101 (2007) (internal quotation marks omitted) (citing 18 U.S.C. § 3553(a)).

We cannot agree. "While we do not presume that a Guidelines sentence is necessarily substantively reasonable, that conclusion is warranted in the overwhelming majority of cases, and thus especially when, as here, a defendant challenges a below-Guidelines sentence." *United States v. Messina*, 806 F.3d 55, 66 (2d Cir. 2015) (internal quotation marks and emphasis omitted). Here, Erskine committed a serious crime—she imported over one and a half kilograms of cocaine into the United States in the false bottom of a suitcase. The district court considered Erskine's military service, her efforts to obtain her bachelor's degree, and her role as a single mother to a pre-teen daughter and properly found that these mitigating factors weighed in favor of a below-Guidelines sentence. Indeed, the district court sentenced Erskine to a fifteen month term of imprisonment, one year less than the bottom of the twenty-seven to thirty-three month Guidelines range for Erskine's offense. While Erskine's military service and her efforts to obtain her bachelor's degree are commendable, they also show that Erskine has the ability to succeed in

life without turning to drug smuggling. Accordingly, we hold that Erskine's sentence was not substantively unreasonable.

We have considered the remainder of Erskine's arguments and find them to be without merit. Accordingly, the judgment of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk